**In re Augustus J. STORES, dba Gus Stores Logging Co., Debtor.**

**FIRST INTERSTATE BANK OF OREGON, N.A., a national banking association, Plaintiff,**

v.

**Augustus J. STORES, dba Gus Stores Logging Co., Defendant.**

Bankruptcy No. 682–07147.
Adv. No. 682–7302.

United States Bankruptcy Court,
D. Oregon.

Nov. 24, 1982.

Donald Churnside, Eugene, Or., for plaintiff.

Derrick McGavic, Eugene, Or., for defendant.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff, First Interstate Bank of Oregon, N.A. (Bank), seeks relief from the automatic stay relating to security interest in three parcels of real property securing two notes.

One note relates to an original June, 1981, loan of $57,000 secured only by a first mortgage on property the parties refer to as the Zamarano property consisting of about 45 acres. When purchased by the defendant-debtor for $80,000 about four years ago, the property was timberland from which the timber has been substantially removed by the debtor-defendant, who estimated the cut therefrom at from 350,000 to 400,000 board feet. The balance due Bank on the note is $18,293.82 with interest at 22% from February 5, 1982 until paid. As of the date of trial, November 15, 1982, the balance was $21,414.27.

Testimony of plaintiff's witness Donald W. Michael valued this parcel at a total value of $14,725. The defendant in his testimony placed a possible value of $60,000 on it. The defendant's value was based upon a good economic times situation for use as a building site which current conditions do not support.

The Court finds a reasonable value of the property to be approximately $20,000. Taxes are approximately two years in arrears and interest is accruing against the equity, if any, at 22% per annum. The property has been logged, and the principal business activity of the debtor is logging, and the

defendant has not met his burden of showing the necessity of the property for his reorganization nor has any means of adequate protection been offered. As to this parcel the plaintiff may present an order granting relief from the automatic stay.

The second note, in September, 1981, was for $205,000 with a balance testified to by Evelyn Purkey, plaintiff's employee, being $252,653.46, this sum bearing interest at 22% per annum. Security for the obligation is a first mortgage on property identified by the parties as the Owens Creek property consisting of approximately 100 acres, mostly timberland, with a small portion being agricultural land upon which is located a house and mobile home. This second note is also secured by a second trust deed junior to a land sale contract on property identified by the parties as the Tokatee property.

The defendant testified that the purchase price of the Owens Creek property was $235,000 including the improvements thereon, and that the property when purchased had about 500,000 board feet of merchantable timber thereon, from which he has removed a substantial portion. He testified that he believed the present value to be about $150,000.

Plaintiff's witness Wayne Haslett testified that the Owens Creek property was about 90% logged off and not rehabilitated. Plaintiff's memorandum does not seriously challenge the $150,000 value for the Owens Creek property, but contends that the remaining junior security interest in the Tokatee property is not sufficient to fully secure the second note. This Court agrees. Furthermore, the Owens Creek property has been substantially logged and the defendant has not met his burden of showing need for the property in support of an effective plan of reorganization, and no plan of reorganization has been submitted although the debtor's Chapter 11 case was filed February 26, 1982. The plaintiff may submit a proposed order granting relief from the automatic stay relating to the Owens Creek property.

Plaintiff urges only that with reference to the Tokatee property, it be accorded adequate protection as a secured creditor. The first lien holder holding the land sale contract interest in the property holds an outstanding contract balance agreed upon as approximately $116,000.

Defendant testified that the Tokatee property consisting of about 120 acres unimproved forest land has not been logged, and that he purchased it for about $230,000, but that he believed the current depressed stumpage values should make the present worth of the property approximately $200,000. Taxes are reported to be about two years in arrears. This would result in the plaintiff being inadequately secured on the second note balance but the plaintiff does not oppose in its memorandum the defendant's continued use of the property if it be accorded adequate protection of its interest. The underlying land sale contract obligates 60% of the proceeds of logging from the Tokatee land to the land sale contract holder until the contract is reduced to $80,000, with the remainder unobligated. Defendant contends that adequate protection may be accorded plaintiff's interest in the Tokatee property which the defendant asserts he intends to soon log and which is necessary to any plan of reorganization.

Plaintiff in the pre-trial order and in its memorandum concedes that there is merit to allowing defendant to retain for logging the Tokatee property upon adequate protection of plaintiff's interest.

Defendant proposes to provide adequate protection by granting to plaintiff a security interest in unobligated proceeds of log sales as further security.

The essence of adequate protection provided under Section 361 of the Bankruptcy Code is the assurance of the maintenance, and thus recoverability of the lien value during the interim between the filing of the petition and confirmation of a plan of reorganization or dismissal, which the automatic stay is designed by the statutory scheme to accomplish in appropriate situations. See *In re Pine Lake Village Apartment Co.*, 19 B.R. 819, 825 (Bkrtcy., S.D.N.Y.1982); *In re Alyucan Interstate Corp.*, 12 B.R. 803, 808 (Bkrtcy., D.Utah 1981).

The defendant's proposal to grant adequate protection by providing an additional security interest from funds which might otherwise be available to unsecured creditors in the event of ultimate liquidation should not be implemented until unsecured creditors have notice and opportunity to be heard relating to such grant.

As to the Tokatee property, therefore, the defendant may submit an order modifying the stay to provide that it shall remain effective for not to exceed 30 days to enable the defendant to accomplish the proposed provision for adequate protection to the plaintiff, or the treatment of the plaintiff's interest in a plan of reorganization which will make provision therefor.